# United States District Court
# District of Massachusetts

UNITED STATES OF AMERICA,

    V.                                MAGISTRATE JUDGE'S DOCKET
                                       NO. 2005-M-0437-RBC

PASCUAL JOSEPH GUERRIER, ETC.,
    Defendant.

## *MEMORANDUM AND ORDER OF DETENTION PURSUANT TO 18 U.S.C. § 3142(e)*

COLLINGS, U.S.M.J.

    The defendant appeared on August 3, 2005 with counsel for a detention hearing which the Court ordered on its own motion.

    The purpose of a detention hearing is as stated in the statute - i.e. "...to determine whether any condition or combination of conditions...(of release) will reasonably assure the appearance of the person as required and the safety of any other person and the community...".

    It is important to note that the statute contains a presumption which is

applicable to the case at bar. Specifically, § 3142(e) provides, in pertinent part:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required <u>and</u> the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), section 1 of the Act of September 15, 1980 (21 U.S.C. 955a), or an offense under section 924(c) of Title 18 of the United States Code.

Emphasis supplied.

The defendant is charged in the Complaint with a violation of the Controlled Substances Act (21 U.S.C. 801 et seq.) which carries a maximum sentence of ten years or more imprisonment. Thus, it is presumed in the instant case that no condition or combination of conditions of release will reasonably assure the appearance of the defendant as required and the safety of the community if I find that there is probable cause to believe that the defendant committed the offense charged in the Complaint. Although this presumption does not shift the burden of persuasion to the defendant, it does place a burden of production on the defendant, and even if evidence to meet that burden is produced, the presumption does not disappear. The Court is permitted to

incorporate into the calculus Congress's judgment that defendants who have probably committed serious drug felonies are dangerous and pose particularly great risks of flight. *United States v. Jessup*, 757 F.2d 378 (l Cir., l985); *United States v. Palmer-Contreras*, 835 F.2d 15, 17-18 (1 Cir., 1987).

The first issue then is whether there is probable cause to believe that the defendant committed the offense with which he is charged. I find probable cause based on the evidence adduced at the detention hearing.

The second issue is whether the defendant has met his burden of production. I find that he has. However, I also find that there are no conditions or combinations of conditions of release which will reasonably assure his appearance. I find that the facts upon which I base this conclusion have been proven by a preponderance of the evidence.

First, the defendant is charged with a serious violation of the narcotics laws. *See* 18 U.S.C. § 3142(g)(1). If convicted, he faces a five-year minimum mandatory sentence on the charge contained in the Complaint.

Second, the weight of the evidence is very strong; it is highly likely the defendant will be convicted. *See* 18 U.S.C. § 3142(g)(2). A co-operating witness under the supervision of DEA agents purchased heroin from the

defendant on four occasions. The sales were audio-recorded.

Third, the history and characteristics of the defendant do not, on balance, weigh in favor of release. *See* 18 U.S.C. § 3142(g)(3). The defendant is a citizen of the Dominican Republic admitted for permanent residence in the United States. He has been in this country for about eight years. However, he has no family here; all of relations live in the Dominican Republic. In addition, he owns a home in the Dominican Republic.

The real problem with fashioning release conditions is that the defendant has a great incentive to flee. He will probably be convicted and receive at least a five year jail sentence. After completing his sentence, he will be deported. In these circumstances, the likelihood is that the defendant will flee before being convicted so as to return to his native country voluntarily (rather than being deported) and to avoid the prospects of a prison term in this country. Living at Coolidge House, as suggested by defendant's counsel, will not prevent his flight since the defendant would be able to leave Coolidge House during the daytime hours under the terms of the program at that facility.

Fourth, I give substantial weight to the presumption discussed on page 2, *supra*, that defendants who have probably committed serious drug felonies pose

4

particularly great risks of flight. The defendant does resemble the Congressional paradigm. As the Court of Appeals wrote in the case of *United States v. Palmer-Contreras, supra*:

> ...[T]his presumption reflects Congress's findings that drug traffickers often have the...foreign contacts to escape to other countries.
>
> \* \* \*
>
> ...[E]ven after a defendant has introduced some evidence to rebut the flight presumption, the presumption does not disappear, but rather retains some evidentiary weight - the amount depending on how closely defendant's case resembles the congressional paradigm... - to be considered along with all other relevant factors.

*Palmer-Contreras*, 835 F.2d at 17-8.

The Court of Appeals reaffirmed its holding in *Palmer-Contreras* in the case of *United States v. Dillon*, 938 F.2d 1412, 1415-7 (1 Cir., 1991).

Thus, I do factor the presumption into the analysis to support my finding that there are no conditions or combination of conditions which will reasonably assure that the defendant would not flee if released.

Pursuant to 18 U.S.C. § 3142(e), it is ORDERED that the defendant be, and he hereby is, DETAINED pending trial of the charge contained in the

above-styled Complaint. Pursuant to 18 U.S.C. § 3142(e), the written findings of fact and a written statement of reasons for the detention are contained *supra*. Further pursuant to 18 U.S.C. § 3142(i), it is ORDERED that:

> (l)  The defendant be, and he hereby is, committed to the custody of the Attorney General for confinement in a corrections facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;
>
> (2)  The defendant be afforded reasonable opportunity for private consultation with his counsel; and
>
> (3)  On Order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to an authorized Deputy U. S. Marshal for the purpose of any appearance in connection with a court proceeding.

Review of the within Detention Order may be had by the defendant filing a motion for revocation or amendment of the within Order pursuant to l8 U.S.C. Sec. 3l45(b).

*/s/ Robert B. Collings*

ROBERT B. COLLINGS
August 3, 2005.                United States Magistrate Judge