

ER. B. COLLINGS
MAGISTRATE JUDGE

SEP 1  2005

UNITED STATES DISTRICT COURT
BOSTON, MASSACHUSETTS



**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*        *United States Courthouse, Suite 9200*
                                        *1 Courthouse Way*
                                        *Boston, Massachusetts 02210*

September 13, 2005

By Hand
Syrie Fried, Esq.
Federal Defenders Office
408 Atlantic Avenue
Boston, MA  02109

       Re:  United States v. Pascual Joseph-Guerrier
            Criminal No. 05-10199-RWZ

Dear Counsel:

       Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

A.    Rule 16 Materials

1.    Statements of Defendant under Rule 16 (a)(1)(A)

      a.    Written Statements

      There are no relevant written statements of the defendant Pascual Joseph in the possession, custody or control of the government, which are known to the attorney for the government.

      b.    Recorded Statements

      Consensual tape and video recordings were made of telephone conversations and personal meetings involving the defendant Pascual Joseph.  Copies of these recordings were previously produced to you on July 20, 2005.  These recordings were as follows:

      •Exhibit N-2: Audio recording of purchase of Exhibit 1 on August 3, 2004

•Exhibit N-3: Videotape of surveillance during purchase of Exhibit 2 on August 20, 2004

•Exhibit N-6: Videotape of surveillance during purchase of Exhibit 3 on September 17, 2004

•Exhibit N-7: Audio recording of purchase of Exhibit 3 on September 17, 2004

•Exhibit N-9: Videotape of meeting with Pascual Joseph-Guerrier on February 18, 2005

•Exhibit N-10: Videotape of surveillance of purchase of Exhibit 4 on March 9, 2005.

 c. <u>Grand Jury Testimony of the Defendant</u>

The defendant did not testify before a grand jury in relation to this case.

 d. <u>Oral Statements to Then Known Government Agents</u>

The government is unaware of any oral statements made by the defendant before or after arrest, in response to interrogation by a person then known to the defendant to be a government agent, which the government intends to use at trial.

2. <u>Defendant's Prior Record under Rule 16 (a)(1)(B)</u>

You received a copy of the defendant's record at the time of his initial appearance. Please contact me if you need an additional copy.

3. <u>Documents and Tangible Objects under Rule 16(a)(1)(C)</u>

All books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

I have enclosed herewith a photocopied set of documents seized from the defendant at the time of his arrest. These documents have been Bates numbered 107-116

4.  <u>Reports of Examinations and Tests under Rule 16 (a)(1)(D)</u>

    Enclosed are the following documents:

    1.  DEA-7 report describing the analysis of Exhibit 1 (Bates no. 94-95);

    2.  DEA-7 report describing the analysis of Exhibit 2 (Bates no. 96-97);

    3.  DEA-7 report describing the analysis of Exhibit 3 (Bates no. 100);

    4.  DEA-7 report describing the analysis of Exhibit 4 (Bates no. 101).

B.  <u>Search Materials under Local Rule 116.1(C)(1)(b)</u>

   While attempting to arrest the defendant pursuant to an arrest warrant on March 31, 2005, agents entered his apartment. After conducting a protective sweep and realizing that no one was in the apartment, agents left the premises. This entry, and items taken during the sweep, are described in a report enclosed herewith, Bates no. 70-72.

C.  <u>Electronic Surveillance under Local Rule 116.1(C)(1)(c)</u>

   No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D.  <u>Consensual Interceptions under Local Rule 116.1(C)(1)(d)</u>

   A written description of interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of wire and oral communications, relating to the charges contained in the indictment made with consent of one of the parties to the communication ("consensual interceptions"), in which the defendant was intercepted or which the government intends to offer as evidence in its case-in-chief are enclosed in the DEA-7a reports enclosed herewith (Bates no. 102-104, 106).

   Although not required by Local Rule 116.1(C)(1)(d)(i), the government is producing the following reports relating to the consensual recordings: DEA reports Bates no. 24-36, 41-48, 52-61, 66-69, 73-78, 86-90.

E.   <u>Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)</u>

The names of known unindicted coconspirators as to the conspiracy charged in Count One of the indictment are set forth in the DEA-6 reports enclosed herewith, at the pages Bates numbered 25, 35-36, 47-50, 63-65, 77-78.

F.   <u>Identifications under Local Rule 116.1(C)(1)(f)</u>

The defendant Pascual Joseph-Guerrier was a subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a display of an image of the defendant. A copy of the image used in or memorializing the identification procedure is enclosed, Bates no. 123.

G.   <u>Exculpatory Evidence Under Local Rule 116.2(B)(1)</u>

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

1.   The government is unaware of any information that would tend directly to negate the defendant's guilt concerning any count in the indictment.

2.   The government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude.

3.   The following promises, rewards, or inducements have been given to a witness whom the government anticipates calling in its case-in-chief: the cooperating witness ("CW"), whom the government declines to identify by name at this time, pursuant to L.R. 116.6, as disclosing the name might result in witness tampering, interference with an ongoing investigation, and/or risk of physical harm to a witness, is charged in a drug-distribution case (reflected on the enclosed copy of his criminal record). CW expects that his work in this and other investigations will be communicated to the state court judge presiding over this pending drug-distribution case and hopes to receive a reduced sentence as a result of his cooperation.

4.   The government is aware that CW has a criminal record. A copy of that record, redacted to preserve CW's anonymity, is enclosed herewith (Bates no. 117-122).

    5.    The government is aware that CW has criminal cases pending. See the enclosed criminal record.

    6.    No named percipient witness failed to make a positive identification of a defendant with respect to the crimes at issue.

H.   <u>Other Matters</u>

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

The government demands, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the defendant's intention to offer a defense of alibi. The time, date, and place at which the alleged offenses were committed are set forth in the affidavit filed in support of the criminal complaint in this case.

Please call the undersigned Assistant U.S. Attorney at 617-748-3249 if you have any questions.

                                      Very truly yours,

                                      MICHAEL J. SULLIVAN
                                    United States Attorney

By:   _____
       RACHEL E. HERSHFANG
       Assistant U.S. Attorney

Enclosures

cc:   Ms. Noreen Russo
      Clerk to the Honorable Robert B. Collings
      (w/o enclosure(s))